

U.S. Department of Justice

United States Attorney
District of Connecticut

*Brien McMahon Federal Building*  *(203) 696-3000*
*915 Lafayette Boulevard, Room 309*  *Fax (203) 579-5575*
*Bridgeport, Connecticut 06604*  *www.usdoj.gov/usao/ct*

January 11, 2007

Deirdre A. Murray, Esq.
Assistant Federal Public Defender
2 Whitney Avenue
New Haven, Connecticut 06510

     Re:    United States v. Stephen M. Letavec
              Criminal No. 3:06CR00056 (SRU)

Dear Attorney Murray:

     This letter confirms the plea agreement entered into between your client, Stephen M. Letavec (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSES

     The defendant agrees to plead guilty to a Counts One and Four of the Indictment. Count One of the Indictment charges the defendant with Use of an Interstate Facility to Engage in Sexual Activity with a Minor, in violation of 18 U.S.C. § 2422(b). The defendant understands that, in order for him to be found guilty of the offense charged in Count One of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

     First, that the Defendant knowingly used the Internet to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity, as charged;

     Second, that the Defendant believed that such individual was less than eighteen (18) years of age;

     Third, because sexual activity occurred, the defendant could be charged with a criminal offense under the law of Connecticut; and

     Fourth, that the Defendant acted knowingly and willfully.

     Count Four of the Indictment charges the defendant with Interstate Travel to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). The defendant understands that, in order for him to be found guilty of the offense charged in Count Four of the Indictment, the

Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant traveled in interstate or foreign commerce; and

Second, that the Defendant did so for the purpose of engaging in illicit sexual conduct, that is, a sexual act with a person under 18 years of age.

**THE PENALTIES**

**Count One of the Indictment**

The Offense charged in Count One of the Indictment carries a maximum term of imprisonment of thirty (30) years, a mandatory minimum term of imprisonment of five (5) years' imprisonment pursuant to 18 U.S.C. § 2422(b) and a maximum fine of $250,000. Moreover, under 18 U.S.C. § 3583k, any sentence of incarceration under this provision must also include a term of supervised release that may be as much as life. The defendant understands that should he violate any condition of supervised release during its term, he may be required to serve a further term of imprisonment of up to three (3) years with no credit for the time already spent on supervised release.

**Count Four of the Indictment**

The Offense charged in Count Four of the Indictment carries a maximum term of imprisonment of thirty (30) years and a maximum fine of $250,000. Moreover, under 18 U.S.C. § 3583k, any sentence of incarceration under this provision must also include a term of supervised release that may be as much as life. The defendant understands that should he violate any condition of supervised release during its term, he may be required to serve a further term of imprisonment of up to three (3) years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be

assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

**RESTITUTION**

In addition to the other penalties provided by law, including permissible restitution under 18 U.S.C. § 3663, the Court must also order that the defendant make restitution under 18 U.S.C. § 2259. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. __ (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

3. Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 87 to 108 months' imprisonment and a fine range of $15,000 to $250,000. The base offense level for both Counts One and Four under U.S.S.G. § 2G1.3(a)(2) is 24. Two (2) levels are added under U.S.S.G. § 2G1.3(b)(2) for undue influence. Two (2) levels are added under U.S.S.G. § 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service. Two (2) levels are added under U.S.S.G. § 2G1.3(b)(4) because the offense involved commission of a sexual act. Two levels (2) are added under the grouping rules in U.S.S.G. § 3D1.4. Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 29. A total offense level 29 with a criminal history category I, which the parties calculate the defendant to be, results in a range of 87 to 108 months' imprisonment (sentencing table) and a fine range of $15,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)) (sentencing table and statutory maximum).

4. Stipulation Regarding Appropriate Sentence

The parties acknowledge that in light of *Booker*, the Court, in determining the appropriate sentence in this case, must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), including the Sentencing Guidelines. The parties agree, based on consideration of these factors, that the appropriate sentence in this case is a term of imprisonment for 120 months, and neither party will seek a sentence other than 120 months, whether by departure or adjustment. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment. The defendant expressly understands that the Court is not bound by this agreement. The defendant also understands that he will not be able to withdraw from this agreement if the Court imposes a sentence other than the one agreed to in this agreement.

5. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court.

The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

      6.      <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case, including additional information supporting the sentencing enhancements and upward departures beyond what is set forth above. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**<u>WAIVER OF RIGHTS</u>**

<u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not

time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Prior Convictions Used To Enhance Sentence

The defendant understands and agrees that the offense of conviction carries enhanced penalties because of his prior criminal record. The defendant further understands and agrees that under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of defendant's prior convictions need not be approved by a grand jury or submitted to a trial jury and proved beyond a reasonable doubt. The defendant expressly understands and agrees that such facts will be determined either: by stipulation between the parties; in accordance with the procedures specified by the United States Sentencing Guidelines; or by the Court upon a finding that the relevant facts have been established by reliable evidence, which may include hearsay evidence, and, proven by a preponderance of the evidence.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government may have various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. The defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## **ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that he will also be required, and agrees to, register with state authorities as a sex offender. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the facts and circumstances of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the conduct set forth in the Indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

As part of this agreement, the parties have contacted state authorities regarding criminal charges currently pending against the defendant in state court in Waterbury and Derby and have recommended that any sentence of imprisonment imposed in state court (should the defendant be convicted) run concurrent with any sentence of imprisonment imposed by this Court. The parties expressly understand that the State is not bound by this recommendation and the defendant also understands that he will not be able to withdraw from this agreement if the state court does not impose a concurrent sentence. The defendant acknowledges that no other promises, agreements,

or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____  _____
STEPHEN M. LETAVEC                       Date
The Defendant


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____  _____
DEIRDRE A. MURRAY, ESQ.                Date
Attorney for the Defendant