UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| vs.  : | CRIMINAL NO.  3:06CR56 (SRU) |
| STEPHEN M. LETAVEC  : | March 27, 2007 |

MEMORANDUM IN AID OF SENTENCING

The defendant respectfully submits this memorandum as an aid to the Court for sentencing. There are no disputed guideline or mandatory minimum issues.  There are no departure issues.  The parties have agreed upon the relevant guidelines, including an upward departure from those guidelines which reflects consideration of the sentencing factors set forth in 18 U.S.C. § 3553 (a).  The defendant believes that the appropriate sentence is 120 months followed by a ten year period of supervised release.

In United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the Second Circuit set forth the model for sentencing in the post-Booker world of federal sentencing.  In a nutshell, there are now three types of sentences a court may impose.  Id. at 111, n.9, 113.  First, there are sentences within the applicable sentencing guideline range.  Second, there are guideline sentences that result from permissible departures pursuant to Chapter Five of the Sentencing Guidelines.  Finally, there are non-guideline sentences which are sentences that do not fall within the guideline range and do not result from permissible departures.  Id.  Presumably, non-guideline sentences result from the consideration of prohibited factors or from circumstances that are in some fashion outside of the broad departure authority that § 5K2.0 would otherwise encompass.

To determine a sentence under Crosby's model, a court must first calculate the defendant's guidelines and consider them.  Next, the sentencing court must consider whether departures are appropriate. Third, the court must decide, after considering the guidelines and all of the factors set forth in 18 U.S.C. § 3553(a), whether to impose a guideline sentence (including a sentence that results from permissible departures), or a non-guideline sentence.  Id.

The instant matter is an extremely serious, though fairly typical, violation of 18 U.S.C. §2422(b).

The defendant used his computer to meet and communicate with a 14 year old female. Over the course of the association, Mr. Letavec traveled to Connecticut on three occasions and engaged in sexual contact with the minor victim. Mr. Letavec in no way intends to minimize the seriousness of his actions and fully recognizes his serious lapse in judgement. This behavior occurred after 38 years of law abiding behavior. He recognizes that his conduct falls squarely within the heartland that the Sentencing Commission envisioned in creating the guidelines for this offense. As a heartland case in which no extraordinary circumstances exist, one would presume that a guideline sentence would be, in the words of the sentencing statute, "sufficient, but not greater than necessary" to achieve the goals of a criminal sentence. 18 U.S.C. § 3553(a). In this case, the guidelines yield a sentencing guideline range of 70-87 months while the statute provides for a mandatory minimum sentence of five years. Given the fact that sexual contact did occur between the defendant and the minor victim, as well as the tender age of the victim and the significant impact that this case has had on her life, the defendant has agreed to an upward departure in this case to 120 months. This agreement ensures that the defendant will experience significantly more punishment than either the sentencing guidelines or the statutes had prescribed.

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to consider, *inter alia*, the need for the sentence to accomplish four traditional goals of a criminal sentence, i.e., just punishment, protection of society, specific and general deterrence, and rehabilitation. All of these goals can be achieved during a 120 month sentence, and none of these goals requires additional incarceration to be effectively accomplished. As referenced above, 120 months is significantly greater than the period of incarceration prescribed by the sentencing guidelines and mandated by the statute for conduct of this kind. A period of 10 years of incarceration is a significant period of time. It is particularly punitive for this defendant given that he has never been in trouble with the law in the past, nor has he ever served any time in prison. A sentence of 120 months should adequately satisfy the goal of just punishment within the framework that the sentence be "sufficient but not greater than necessary." In addition, a period of 120 months of incarceration, followed by 10 years of supervised release will sufficiently protect society for at least the next twenty years. Mr. Letavec will be kept away from the community

and subject to treatment during his incarceration.  His period of confinement will prevent any further criminal acts by Mr. Letavec while hopefully providing him with the tools necessary to avoid any recurrence of this behavior.

As for specific and general deterrence, both of those goals are met with a 10 year sentence.  Mr. Letavec has already learned the hard way the consequences of his behavior.  In addition to his period of incarceration, he has lost his wife, his home and contact with his children.  It can not be disputed that 10 years is a long time, and it is going to seem especially long to him because sex offenders do what is known colloquially as "hard time."  That is, guards and other inmates treat sex offenders as subhuman.  Mr. Letavec, after enduring 10 years of such treatment, will be loathe to recidivate.  As for general deterrence, any reasonable member of the public who learns that an offender will receive ten years in jail, should be deterred from engaging in the kind of behavior Mr. Letavec perpetrated.

With regard to the goal of rehabilitation, that goal will not be furthered in any real way by increasing Mr. Letavec's sentence from 120 months to some higher number.  There is no rehabilitative goal that cannot be accomplished in 120 months but could be in, say, 150 months.  The reality is that the term of incarceration in this case is largely irrelevant to the goal of rehabilitation.  Under any scenario that is possible in this case, he is going to jail for a long time.  Anything of value that he will learn about rehabilitation will certainly be learned within 120 months.  He will then have a similarly lengthy term of supervised release that can include conditions, such as mental health and substance abuse counseling, that will assist in his rehabilitation.

Unlike some convicted of this offense, Mr. Letavec accepts full responsibility for his conduct.  He does not waffle.  His acknowledgment of the wrongfulness of his conduct is a healthy step toward his ultimate rehabilitation.

For all of the foregoing reasons, the defendant respectfully requests a sentence of 120 months incarceration followed by a term of supervised release of 10 years.

- 4 -

Respectfully submitted,

THE DEFENDANT,
Stephen M. Letavec

THOMAS G. DENNIS
FEDERAL DEFENDER

Dated: March 27, 2007

/s/
Deirdre A. Murray
Assistant Federal Defender
2 Whitney Ave., Suite 300
New Haven, CT 06510
Bar No. Ct22981
(203) 498-4200
Email: deirdre.murray@fd.org

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 27, 2007, a copy of the foregoing Memorandum in Aid of Sentencing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Deirdre A. Murray
ct22981
Office of the Federal Defender
2 Whitney Ave, Suite 300
New Haven, CT 06510
Phone: (203) 498-4200
Fax: (203) 498-4207
Email: deirdre.murray@fd.org