# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:06cr56 (SRU) |
| STEPHEN M. LETAVEC | |

## RULING AND ORDER

The defendant, Stephen M. Letavec, pled guilty to Counts I and IV of an indictment charging him with use of an interstate facility to engage in sexual activity with a minor, in violation of 18 U.S.C. § 2422(b), and interstate travel to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Judgment entered against Letavec on April 11, 2007 and provided for restitution "[i]n an amount to be determined." The judgment also provided that, as a condition of supervised release, Letavec "make installment payments of at least $200.00 per month toward the outstanding restitution balance until paid in full." On July 11, 2007, the government filed a motion and supporting documentation that calculated the appropriate amount of restitution to be $3,780.30.

Section 3664(d)(5) of Title 18 of the United States Code provides that if a victim's losses are not ascertainable by 10 days prior to sentencing, "the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." *Id*. This order is admittedly untimely – more than 90 days has elapsed between judgment and this order (272 days).

The Second Circuit has repeatedly held, however, that "the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-

out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets." *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir. 2004) (citing *United States v. Catoggio*, 326 F.3d 323, 330 (2d Cir. 2003); *United States v. Stevens*, 211 F.3d 1, 4 (2d Cir. 2000)). As such, "a district court's failure to determine identifiable victims' losses within ninety days after sentencing, as prescribed by § 3664(d)(5), will be deemed harmless error to the defendant unless he can show actual prejudice from the omission." *Id*.

Because the proposed restitution is reasonable and accurate, I hereby ORDER Letavec to pay restitution to the victims in the amount of $3,780.30. Restitution is due and payable immediately. Any balance that remains unpaid upon the commencement of Letavec's term of supervised release shall be paid in installment payments of at least $200.00 per month until the balance is paid in full.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of January 2008.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge